Eighteen Assoc., LLC v Nanjim Leasing Corp. (2004 NY Slip Op 50656(U))

[*1]

Eighteen Assoc., LLC v Nanjim Leasing Corp.

2004 NY Slip Op 50656(U)

Decided on June 29, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2004

Supreme Court, Kings County
EIGHTEEN ASSOCIATES, LLC., Plaintiff,
against
NANJIM LEASING CORP., EDWARD LESHAW, RICHARD HIGER, MARTIN R. KRAMER, MORTON A. SCHWAB, MARK H. STOFSKY, IRWIN S. KOSOVER, DAVID KRAVITZ, PAUL MADDEN, STEVEN DORN, RICHARD NEIMARK, DEBCOR MANAGEMENT CO., MICHAEL G. BAYAJIAN, ESQ., PAM SULLIVAN, ARTHUR BRAMWELL and DORN & ASSOCIATES, Defendants.
12554/97

Ira B. Harkavy, J.
Defendants Martin R. Kramer, Morton A. Schwab and Mark H. Stofsky, (hereinafter "The Kramer Group"), move for an order:
a.)Granting defendants The Kramer Group leave to move for summary
judgment more that 60 days after filing of a note of issue, in the interests of justice and judicial economy.
b.)Granting summary judgment on behalf of The Kramer Group and against
plaintiff, Eighteen Associates, LLC dismissing the complaint on the ground that plaintiff, having asserted equitable claims against defendants, has an adequate remedy at law; and
c.)Upon dismissal of the complaint, vacating all orders that provided for interim relief,
including dismissing the cross-claim of co-defendant Nanjim Leasing Corp. against The Kramer Group; and
d.)Further directing return by plaintiff of all payments for use and occupancy by
The Kramer Group totaling approximately $ 30,000.00 as well as all amounts deposited by The Kramer Group with landlord's attorney together with disbursements and interest totaling in excess of $78,000.00; and
e.)Directing co-defendants Edward Leshaw and Richard Higer to return the rental deposit paid to Nanjim Leasing Corp. by The Kramer Group in the amount of
$4,000.00.
Plaintiff, Eighteen Associates, LLC, cross-moves for an order:
(1)Granting Eighteen Associates, LLC leave to move for summary judgment
more than 60 days after the filing of the note of issue, in the interests of justice and judicial economy;
[*2]
(2)Granting Eighteen Associates, LLC summary judgment on its eighth cause
of action against The Kramer Group and directing the entry of a judgment for sum of
$259,209.09 plus interest; and
(3)Granting Eighteen Associates summary judgment on its rental monetary
claims as against defendants, Edward Leshaw and Richard Higer jointly and severally in the sum of $504,529.79 plus interest; and
(4)Fixing the respective rental and/or use and occupancy obligations of The
Kramer Group and Richard Higer and Edward Leshaw; and
(5)Granting summary judgment to plaintiff on its sixth cause of action and
directing a reference to determine the amount of legal fees, costs and disbursements.
Defendants, Nanjim Leasing Corp., Edward Leshaw and Richard Higer, cross-move for an order granting summary judgment to the defendants Nanjim Leasing Corp., Edward Leshaw and Richard Higer, against the plaintiff, dismissing the second, fifth, sixth and ninth causes of action against them.
As set forth in plaintiff's motion papers, on or about April 8, 1997, Eighteen Associates, LLC as landlord, commenced the within action against Nanjim Leasing Corp., The Kramer Group as well
as other occupants of the tenth floor of premises 32 Court Street, Brooklyn, New York. In its
2
complaint, plaintiff sought a declaratory judgment, injunctive relief, as well as money damages. As a first cause of action, plaintiff sought a judgment in the amount of $499, 151.82 for rent and additional rent for the period from February 1989 through April 1997. As a second cause of action, plaintiff sought to pierce the corporate veil with respect to Nanjim Leasing Corp. and hold its officers liable for rent and additional rent. Plaintiff, in its third cause of action, sought a declaratory judgment declaring, inter alia, that the sublease to various undertenants was violative of the lease. In its fourth cause of action, plaintiff sought injunctive relief restraining Nanjim Leasing Corp. and the other defendants from subleasing. Plaintiff sought $500,000.00 in damages against Nanjim Leasing Corp. and its officers for fraud in its fifth cause of action. In its eighth cause of action, plaintiff sought "the reasonable value of the services provided by plaintiff to undertenants" in the amount of $500,000.00. Also, plaintiff sought attorney's fees in its sixth cause of action, use and occupancy through the date the premises are surrendered in the monthly amount of $8,714.10 in its ninth cause of action, and a judgment of ejectment in its tenth cause of action.
The action was commenced in 1997 and a note of issue filed in November 2000. On May 27, 2003 a non jury trial was commenced before Justice Edward M. Rappaport. The matter was tried for eight days over a period of time by Justice Rappaport, until he
declared a mistrial on October 14, 2003, due to the fact that he could not complete the
case before his retirement at the end of 2003.
CPLR §3212 subdivision (a) is the controlling statute regarding motions for summary judgment. It states as follows:
(a)Time; kind of action. Any party may move for summary
judgment in any action, after issue has been joined; provided; however, that the court may set a date after which no such motion may be made, such date being no earlier than thirty days after the filing of the note of issue. If no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown.
3
Additionally, the rule in Kings County is that motions for summary judgment shall be made
within sixty days of the filing of the note of issue.
Clearly, the parties are untimely regarding the filing of their motions herein, both pursuant to the rules of Kings County and under CPLR § 3212 (a). The court must therefore look to the question of whether there is "good cause shown" for the late filing of these motions. The recent Court of Appeals case of Brill v City of New York, ____________ NY3d ___________, 2004 WL 1263754,2004 Slip Op. 04787, requires this court to answer that question in the negative. In Brill, supra, the City of New York filed a motion for summary judgment close to one year after the note of issue and certificate of readiness were filed. The City argued that it did not have prior written notice of the alleged defect of the accident site and plaintiff could not show an exception to the prior written notice requirement. The trial court determined that in the interests of judicial economy, and in finding that plaintiff was not prejudiced by the delay, entertained the motion and granted summary judgment to the City. The Appellate Division thereafter affirmed. The Court of Appeals reversed, holding that the Supreme Court should not have considered the merits of the City's motion for summary judgment because the City offered no explanation for the
delay in making the motion thus failing to demonstrate "good cause" as required under the
statute.
The Court of Appeals stated:
We conclude that "good cause" in CPLR §3212(a) requires a showing of good cause for the delay in making the motion-a satisfactory explanation for the untimeliness-rather than simply permitting meritorious, non-prejudicial filings, however tardy. That reading is supported by the language of the statute- only the movant can show good cause-as well as by the purpose of the amendment, to end the practice of eleventh-hour summary judgment motions. No excuse at all, or a perfunctory excuse, cannot be "good cause." Here, it is undisputed that the City did not file its motion within the requisite 120 days specified by the statute, and it did not submit any reason for the delay. Thus, there was no "leave of
court on good cause shown," as required by CPLR §3212(a).
The violation is clear.
In denying summary judgment to the City, the Court of Appeals went on to state:
4
Hopefully, as a result of the court's refusal to countenance
the statutory violation, there will be fewer, if any, such situations in
the future, both because it is now clear that "good cause" means good cause for the delay, and because movants will develop a habit of compliance with the statutory deadlines for summary judgment motions rather than delay until trial looms.
In the case at bar, what this court has before it is an "eleventh hour" motion at the eve of a second trial of this matter. While it is understandable that the parties herein do not want to relitigate this matter, and as alleged, the granting of summary judgment may "streamline" the issues and reduce the litigation, that fact alone does not form the basis for "good cause shown" under CPLR §3212(a) and does not make the motions any more meritorious. All of the facts relied upon by the parties have been know for quite some time. The reality herein is that the parties will have to await a decision in this matter after it is retried before another Judge.
[*3]
Accordingly, pursuant to CPLR §3212(a), there being no showing of "good cause," the motions and cross-motions for leave to file the motions for summary judgment are denied.
This constitutes the Decision, Opinion, and Order of the Court.
Dated: June 29, 2004
______________________________
IRA B. HARKAVY
J.S.C.
5